UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RENAE ARNOLD, ) | |
| ) | |
| Plaintiff, ) | No. 1:22-CV-05099 |
| ) | |
| v. ) | |
| ) | Judge Edmond E. Chang |
| COMMISSIONER OF THE SOCIAL ) | |
| SECURITY ADMINISTRATION, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM OPINION AND ORDER

Renae Arnold brought this action to seek review of the Social Security Commissioner's partial denial of her Social Security disability-benefits application.[1] Arnold appealed the Administrative Law Judge's (commonly referred to as the ALJ) initial decision to the Social Security Appeals Council, which sustained the partial denial and notified Arnold of her right to file a civil action in federal court within 60 days.[2] R. 1, Compl. ¶¶ 6–7; R. 6, Mot. Dismiss at 1. Arnold then requested an extension to file the civil action. R. 9, Pl. Resp. at 5. The Council granted her an additional 30 days to file her civil action by September 6, 2022. Mot. Dismiss at 2. But Arnold asserts that she never received the Council's extension notice, and so assumed that her extension request was still pending when she eventually filed her civil action on

---

[1]The Court has subject matter jurisdiction over this case under 42 U.S.C. § 405(g).

[2]Citations to the record are "R." followed by the docket entry number and, if needed, a page or paragraph number.

September 19, 2022. The Commissioner moves to dismiss the complaint as untimely filed. *Id.* at 5. For the reasons explained in this Opinion, the motion is denied.

## I. Background

The Court accepts all well-pleaded allegations as true. *Hayes v. City of Chicago*, 670 F.3d 810, 813 (7th Cir. 2012). Undisputed facts in the parties' briefing and the administrative record also provide necessary background.

Arnold first filed for Social Security disability benefits with the aid of a non-attorney representative. R. 6-1, Administrative Record (AR) at 8. She claimed that shoulder, neck, and back injuries, along with arthritis, diabetes, neuropathy, and depression, left her unable to work as of September 1, 2018. *Id.* at 11. On February 24, 2022, the ALJ issued a partially favorable decision on Arnold's claim for Social Security Disability Insurance and Supplemental Security Income benefits. *Id.* at 5. Although the ALJ found Arnold ineligible for the requested benefits from 2018 to 2020, the judge granted benefits starting as of May 26, 2020, when her age category changed "by direct application of Medical-Vocational Rule 201.14." Compl. ¶ 7; Mot. Dismiss at 1; AR at 11–13, 21.

Arnold appealed the partial denial of benefits to the Appeals Council, which denied her request for review on May 26, 2022. Compl. ¶ 8. The denial notice informed Arnold of her right to appeal the Council's denial by filing a civil action in a federal district court. Mot. Dismiss at 2. The notice also notified Arnold that she had 60 days to file a civil action, with the clock starting to tick five days after the date of the notice—unless Arnold could show the Council that she did not receive it within that

2

time. *Id*. The notice also listed the process for extending the time to file a civil action. *Id*. at 2. The Council required in writing a "good reason for waiting more than 60 days to ask for court review." *Id*. at 2. Thus, to be considered timely, Arnold would have had to file a civil action by July 30 (which was a Saturday, so August 1 would be the deadline) or have requested additional time by that date. *Id*. at 4.

On June 9, 2022 (within the 60-day window), Arnold filed a *pro se* request to the Appeals Council to extend her time to file a civil action. Mot. Dismiss at 2; Pl. Resp. at 6. On August 1, the Appeals Council issued a notice that authorized Arnold to file a civil action within 30 days of when Arnold received the letter, again with a presumption that she would receive the notice within five days of the date on the notice (August 1). Mot. Dismiss at 2. Arnold was thus presumed to have received the extension notice by August 6, which would have pushed back her civil-action filing deadline to September 6.[3] *Id*. at 4; Pl. Resp. at 6. But Arnold contends that she "did not receive any reply or response from the Appeals Council and [that she] did not receive any extension orders from the Appeals Council." Pl. Resp. at 6, 20.

In any event, Arnold retained counsel in early September 2022, and she filed the complaint in this case on September 19, 2022. Pl. Resp. at 6. Aside from filing the federal civil action, Arnold also filed a second request to extend her time to file a civil action with the Council after learning—as set forth in the Commissioner's motion to dismiss—that the Council had, in fact, granted her initial extension request. *Id*. at 8. The government moves to dismiss this case as untimely filed.

---

[3]Thirty days from August 6 is September 5. But in 2022, September 5 was Labor Day, a federal holiday, so the deadline was September 6.

3

## II. Legal Standard

Federal Rule of Civil Procedure 8(a)(2) states a complaint generally need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This short and plain statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up).[4] The Seventh Circuit has explained that this rule "reflects a liberal notice pleading regime, which is intended to 'focus litigation on the merits of a claim' rather than on technicalities that might keep plaintiffs out of court." *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)).

"A motion under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). These allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The allegations that are entitled to the assumption of truth are those that are factual, rather than mere legal conclusions. *Iqbal*, 556 U.S. at 678–79.

---

[4]This Opinion uses (cleaned up) to indicate that internal quotation marks, alterations, and citations have been omitted from quotations. *See* Jack Metzler, *Cleaning Up Quotations*, 18 Journal of Appellate Practice and Process 143 (2017).

In the case, the government argues that the complaint should be dismissed because it is time-barred. Mot. Dismiss at 5. Rule 12(b)(6) motions, however, generally test the adequacy of legal claims, not their timeliness. *United States v. Northern Tr. Co.*, 372 F.3d 886, 888 (7th Cir. 2004) (citing Fed. R. Civ. P. 8(c)). Indeed, the statute of limitations is an affirmative defense for which "a plaintiff ordinarily need not anticipate and attempt to plead around." *Hyson USA, Inc. v. Hyson 2U, Ltd.*, 821 F.3d 935, 939 (7th Cir. 2016) (cleaned up); *Northern Tr. Co.*, 372 F.3d at 888 (noting that Rule 12(b)(6) dismissal on statute of limitations grounds is "irregular"). But an exception to this rule applies where "the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense, such as when a complaint plainly reveals that an action is untimely under the governing statute of limitations." *Andonissamy v. Hewlett-Packard Co.*, 547 F.3d 841, 847 (7th Cir. 2008) (cleaned up).

Here, however, the exception does not apply. The parties dispute whether Arnold receive the extension notice, a crucial fact that determines when the 30-day extension applies. Given this disputed fact, Civil Rule 12(b)(6) is not the proper procedural vehicle to decide this issue.

Having said that, when a court has the necessary facts to rule on an affirmative defense at the outset of a case, the court may consider that defense under a Rule 12(c) motion for judgment on the pleadings. *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012). When this situation arises, a court can construe a Rule 12(b)(6) motion as a Rule 12(c) motion. *See Gunn v. Cont'l Cas. Co.*, 968 F.3d 802, 807 (7th Cir. 2020). The key question is whether discovery or other factual

5

development is needed. If yes, then the affirmative defense must await presentation via summary judgment. If not, then the court may proceed under Rule 12(c). In that latter circumstance, the defendant bears the burden of showing that the affirmative defense would "conclusively defeat[] [the claim] as a matter of law." *Id*. (cleaned up). Judgment on the pleadings is proper if it appears beyond doubt that the non-moving party can prove no set of facts sufficient to support its claim for relief. *Flenner v. Sheahan*, 107 F.3d 459, 461 (7th Cir. 1997).

Here, neither side contends that discovery is needed to resolve the issue of timeliness at this stage of the case, so the Court will treat the dismissal motion as a Rule 12(c) motion for judgment on the pleadings. On a Rule 12(c) motion, as on a Rule 12(b)(6) motion, the facts are construed in the light most favorable to the nonmovant. *Thomason v. Nachtrieb*, 888 F.2d 1202, 1204 (7th Cir. 1989). In summary, The Court must accept the facts pleaded as true, view them in the light most favorable to Arnold, and ask whether the Commissioner has shown that Arnold's complaint is conclusively defeated.

### III. Analysis

#### A. Extension Notice

Because Arnold did not file her complaint by the extended September 6 deadline, the government contends that the complaint is time-barred. Mot. Dismiss at 5. Arnold responds that she only learned of the Council's extension notice through the Commissioner's motion to dismiss. Pl. Resp. at 6–7, 20. Given this factual assertion, and given the procedural posture—a Rule 12(c) motion for judgment on the

6

pleadings—the Court considers just the pleadings, which consist of the complaint, the answer, any documents attached as exhibits, and response briefs (to the extent that they are consistent with the Complaint). *See Heng v. Heavner, Beyers & Mihlar, LLC*, 849 F.3d 348, 354 (7th Cir. 2017); *Federated Mut. Ins. Co. v. Coyle Mech. Supply Inc.*, 983 F.3d 307, 312 (7th Cir. 2020).[5] At this stage, the Court cannot make a definitive finding of fact on whether Arnold did (or did not) receive the extension notice. Instead, the Court must accept as true that Arnold did *not* receive the extension notice.

But that is not the end of the analysis. A question remains: even if Arnold did not in fact (at least at this procedural stage) receive the extension notice, do the governing regulations impose an irrefutable presumption of receipt by the fifth day after the date of the notice? Three regulations are relevant. None erect an irrefutable presumption that notices must be deemed, as a matter of law, to be received by the fifth day after the notice's date. First, 20 C.F.R. § 422.210(c) sets forth the general 60-day deadline, instructing that claimants must file any civil action to review an ALJ's decision "within 60 days after the Appeals Council's notice of denial of request for review … or notice of the decision by the Appeals Council is received by the individual." § 422.210(c). These notices are presumed to be received no later than five days after the date of notice, "unless there is a reasonable showing to the contrary." *Id.* Given the explicit possibility that a claim can make a "reasonable showing" of another date of receipt, the regulation does not foreclose a post-five-day start of the 60-day

---

[5]Rule 12(d) mandates that if matters outside the pleadings are considered by the court, then the motion must be treated as a summary judgment motion under Rule 56. *Federated Mut. Ins. Co*, 983 F.3d at 313.

7

deadline. Also, the Appeals Council may extend this period "upon a showing of good cause." *Id.*

Second, 20 C.F.R. § 404.982 addresses extensions granted by the Appeals Council. This regulation requires extension requests to be filed in writing with the Council, to explain why the action was not filed in the stated period, and to state a good cause for an extension. § 404.982. The regulation says nothing about a mandated five-day-receipt date.

Third and finally, 20 C.F.R. § 404.911(a) describes what constitutes good cause for missing the deadline to request judicial review. The regulation lists some examples, including not receiving the notice of decision. *Id.* § 404.911(b)(7). All told, then, no regulation dictates that, as a matter of law, the five-day-add-on to the date of the notice is the absolute start time for the 60-day deadline to file a civil action.

Consistent with the regulations, the extension notice here told Arnold that the Appeals Council now "extends the time within which you may file a civil action (ask for court review) for 30 days from the date you *receive* this letter." AR at 40 (emphasis added). It also explained that the Appeals Council "assume[s] that you received this letter 5 days after the date on it *unless you show us* that you did not receive it within the 5-day period." *Id.* (emphasis added). Given that the Court must accept—at this stage and on the current record—that Arnold did not learn of the notice until *after* she had filed this case, the motion for judgment on the pleadings is denied.[6]

---

[6]This holding might be in some tension with *Nielson v. Astrue*, in which a plaintiff asserted late receipt of a denial notice. 2011 WL 2214622, at *1 (N.D. Ill. June 6, 2011). *Nielsen* held that the plaintiff's assertion alone "is generally insufficient to rebut the five-day presumption of receipt," and even treating an assertion as an affidavit, the Court found that

### B. Equitable Tolling

Arnold also argues for equitable tolling. Pl. Resp. at 6–7. Given the denial of the motion for judgment on the pleadings, there is no need to definitively decide the applicability of equitable tolling. Having said that, it is worth explaining the Court's views on the parties' equitable-tolling debate to provide guidance for the litigants as this case moves forward.

A court may toll the limitations period in cases where "the equities in favor of tolling the limitations period are so great that deference to the agency's judgment is inappropriate." *Bowen v. City of New York*, 476 U.S. 467, 480 (1986) (cleaned up). Arnold bears the burden of showing that she "diligently" pursued the claim and that "some extraordinary circumstances" prevented her from filing her complaint within the statute of limitations. *Blanche v. United States*, 811 F.3d 953, 962 (7th Cir. 2016) (cleaned up); *see also Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) ("Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."). In other words, under the principle of equitable tolling, a plaintiff who fails to sue within the limitations period "can get an extension of time within which to sue if it would have been unreasonable to expect [her] to sue earlier."

---

the assertion was not credible. *Id*. But on a motion for judgment on the pleadings, the Court must accept as true the facts alleged by the plaintiff and, indeed, the plaintiff is not required to plead around a statute-of-limitations defense. At this procedural stage, the Court cannot simply make a factual finding on whether and when Arnold received the notice.

9

*Shropshear v. Corp. Counsel of City of Chi.,* 275 F.3d 593, 595 (7th Cir. 2001) (cleaned up).

The Commissioner argues that Arnold has not made a showing of extraordinary circumstances for equitable tolling. R. 12, Def.'s Reply at 1. The Commissioner emphasizes that Arnold "does not point to anything to support her assertion that she did not receive the notice." *Id.* at 1–2. But once again, the Court cannot—without a credibility determination that is not appropriate at this procedural stage—discredit Arnold's assertion that she did not receive the notice before the Commissioner's motion to dismiss was filed.

The Commissioner also argues that Arnold did not diligently pursue her rights. Def.'s Reply at 2. The government contends that Arnold could have filed her civil action before the September 6 deadline because she signed her appointment-of-representation form on September 1. *Id.* But an adequate pursuit of rights only requires *reasonable* due diligence. *See Shropshear*, 275 F.3d at 595. If, as Arnold asserts, she did not know that her extension request had been decided, Arnold did not act unreasonably in retaining counsel and then taking about three weeks before filing her complaint on September 19. Taking a step back, Arnold requested an extension to file a civil action within eight days of the Council's denial of her appeal; she then hired an attorney within around three months of the denial of her administrative appeal; and she filed her civil-action complaint less than three weeks after retaining counsel. Given these circumstances, she pursued the case diligently—so long as she truly did not receive the extension notice.

10

## C. Second Extension Request to the Appeals Council

Finally, the Commissioner questions the propriety of Arnold's second extension request to the Appeals Council, which she filed after filing the civil action. Def.'s Reply at 3. The government argues that the second extension request constitutes an improper contact with a represented party in violation of American Bar Association Model Rule 4.2. *Id.* The Commissioner cites ABA Formal Ethics Opinion 97-408 and Model Rule 4.2, which "generally protects represented government entities … from unconsented contacts by opposing counsel." Def.'s Reply at 3; ABA Model Rule of Professional Conduct 4.2. The government argues that Ethics Opinion 97-408 "protects represented government entities such as SSA's Appeals Council from unconsented contacts by opposing counsel." Def.'s Reply at 3. But the represented government party in this suit is the Commissioner of the Social Security Administration, not the Appeals Council. There is no basis, on the current record, to think that government counsel in this case represents the Appeals Council.

The Commissioner also argues that Arnold's request to the Appeals Council for a second extension requires voluntary dismissal of this suit or constitutes an admission of lack of subject matter jurisdiction. Def.'s Reply at 3. But the Commissioner provides no legal basis—in statute, rule, or case law—for this proposed interpretation of subject matter jurisdiction, which is secure under 42 U.S.C. § 405(g).

## IV. Conclusion

The Commissioner's motion—construed as a motion for judgment on the pleadings—is denied. The parties shall file a joint status report to propose the next steps

11

of the litigation, such as whether discovery and a hearing are needed to resolve the limitations issue or (instead, if the government disclaims the limitations argument) the parties are ready to proceed to briefing on the merits of the benefits-denial decision. The report also shall provide an update (if any) on the status of Arnold's second extension request to the Appeals Council. The status report is due on May 15, 2024.

ENTERED:

s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Judge

DATE: May 1, 2024