## UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

RENAE ARNOLD, )
)
               Plaintiff, )     No. 1:22-CV-05099
)
     v. )
)     Judge Edmond E. Chang
FRANK BISIGNANO,[1] )
Commissioner of Social Security, )
)
            Defendant. )

### MEMORANDUM OPINION AND ORDER

Renae Arnold brought this action seeking review of the Social Security Commissioner's partial denial of her disability-benefits application. R. 30, Pl.'s Mot. J. Pleadings.[2] Arnold appealed the Administrative Law Judge's (commonly referred to as the ALJ) initial decision to the Social Security Appeals Council, which sustained the partial denial and notified Arnold of her right to file a civil action in federal court within 60 days. R. 1, Compl. ¶¶ 6–7; R. 29-1, Admin. Record at 14–17 (PDF page number).[3] Arnold then filed suit in this Court, but the government disputed the timeliness of the filing. R. 6, Def.'s Mot. to Dismiss; R. 9, Pl.'s Resp. The Court held that

---

[1]Under Civil Rule 25(d), the current Commissioner of Social Security, Frank Bisignano, is substituted for the former Commissioner as the named defendant.

[2]This Court has subject matter jurisdiction over this case under 42 U.S.C. § 405(g) and § 1383(c)(3). Citations to the record are "R." followed by the docket entry number and, if needed, a page or paragraph number.

[3]Unless otherwise noted, page citations to the administrative record are to the PDF page numbers of the filing.

the complaint was timely. R. 26, 5/1/2024 Order, *Arnold v. Comm'r of Soc. Sec. Admin.*, 2024 WL 1932917 (N.D. Ill. May 1, 2024).

With the procedural issue resolved, Arnold once again seeks review of the government's partial denial of her application, claiming that the ALJ did not account for her social-interaction limitations in the ALJ's residual functional capacity assessment; the ALJ failed to explain why he did not include her social-interaction limitations in his analysis; and the ALJ failed to build an accurate and logical bridge between his findings and his assessment. Pl.'s Mot. J. Pleadings. For the government's part, the Commissioner moves for summary judgment, arguing that the ALJ reasonably evaluated Arnold's social limitations and indeed built a logical bridge between the evidence and the judge's determinations. R. 34, Def.'s Mot. for Summary Judgment. For the reasons explained in this Opinion, the ALJ's analysis was adequate, and the Commissioner's motion is granted.

## I. Background

The background of this case is laid out in the Court's earlier order. *Arnold*, 2024 WL 1932917, *1–*2. For convenience's sake, the facts are repeated here.

Renae Arnold experienced shoulder, neck, and back injuries, along with arthritis, diabetes, neuropathy, and depression, all of which she claims prevented her from maintaining employment as of September 1, 2018. Admin. Record at 34–35, 37. So, Arnold filed for Social Security disability benefits initially using a non-attorney representative. *Id.* at 27. The ALJ issued a mixed decision, concluding that Arnold was ineligible for the requested benefits from 2018 to 2020, but granted her benefits

2

starting on May 26, 2020, when Arnold's age category changed "by direct application of Medical-Vocational Rule 201.14." Admin. Record at 31, 37–40. That decision reasoned in relevant part:

> After careful consideration of the entire record, the undersigned finds that since the amended alleged onset date, the claimant has the residual functional capacity to perform sedentary work, … can have brief and superficial contact with the public; and is limited to performing uncomplicated, low stress, low production work.

*Id.* at 32.

Arnold appealed the Commissioner's partial denial of benefits to the Appeals Council. The Appeals Council denied her request for review, explaining that "the reasons [provided in Arnold's appeal] do not provide a basis for changing the Administrative Law Judge's decision." Admin. Record at 14. In response, Arnold timely filed a *pro se* request to the Appeals Council to extend her time to civil a civil action in federal court. *Id.* at 12–13. Arnold retained counsel in early September 2022, and then filed the complaint in this case. Compl. As noted earlier, the Court resolved a dispute on the timeliness of the lawsuit in Arnold's favor. *Arnold*, 2024 WL 1932917, at *5.

With the procedural issue squared away, Arnold once again seeks judicial review of the Commissioner's decision. Pl.'s Mot. J. Pleadings. She contends that the decision is not based on substantial evidence as required by 42 U.S.C. § 405(g) and that the Commissioner erred when it denied her claim for disability benefits. R. 30–3, Pl.'s Br. The Commissioner asks this Court to affirm the ALJ's decision, asserting

the ALJ's decision was reasonable and based on persuasive opinions of two medical experts. Def.'s Mot. Summary Judgment. For the reasons explained below, the Commissioner is correct, and the government's summary judgment motion is granted.

## II. Legal Standard

The Social Security Act provides for limited judicial review of a final decision of the Commissioner. 42 U.S.C. § 405(g). The Appeals Council's decision not to review an ALJ's ruling constitutes a final decision of the Commissioner. *Villano v. Astrue*, 556 F.3d 558, 561–62 (7th Cir. 2009). A decision must be reversed if the Commissioner committed an error of law or if the record as a whole does not contain substantial evidence to support the Commissioner's findings. *Nelms v. Astrue*, 553 F.3d 1093, 1097 (7th Cir. 2009). If there is an error of law, then reversal is warranted, regardless of how much evidence supports the final determination. *Schmoll v. Harris*, 636 F.2d 1146, 1150 (7th Cir. 1980). A decision contains an error of law when it fails to comply with the Commissioner's regulations. *See Moss v. Astrue*, 555 F.3d 556, 561 (7th Cir. 2009) (reversing decision that did not comply with regulation concerning weight given to treating physician).

Although this Court reviews the ALJ's legal decisions *de novo*, the ALJ's factual determinations are granted deference and affirmed so long as they are supported by substantial evidence on the record. *Jones v. Astrue*, 623 F.3d 1155, 1160 (7th Cir. 2010). Evidence is "substantial" if a reasonable person would accept it as adequate to support the ALJ's decision. *Id.* "Although this standard is generous, it is not entirely

4

uncritical," and the case must be remanded if the decision lacks evidentiary support. *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002).

When evaluating a disability claim, the ALJ must consider all relevant evidence and may not select and discuss only the evidence that favors his ultimate conclusion. *See Murphy v. Astrue*, 496 F.3d 630, 634–35 (7th Cir. 2007); *see also Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994) ("Our cases consistently recognize that meaningful appellate review requires the ALJ to articulate reasons for accepting or rejecting entire lines of evidence." (collecting cases)). Although the ALJ is not required to discuss every piece of evidence in the record, he must provide in his decision "a logical bridge between the evidence and the conclusions so that [the Court] can assess the validity of the agency's ultimate findings and afford the claimant meaningful judicial review." *Jones*, 623 F.3d at 1160 (cleaned up).[4] "If the Commissioner's decision lacks adequate discussion of the issues, it will be remanded." *Villano*, 556 F.3d at 562.

## III. Analysis

Arnold raises three interrelated objections to the ALJ's residual functioning capacity (RFC) assessment. She insists that (1) the ALJ's assessment of her RFC did not account for all her social-interaction limitations; (2) the ALJ erred in how it incorporated the social limitations; and (3) the ALJ failed to explain why the limitations

---

[4]This Opinion uses (cleaned up) to indicate that internal quotation marks, alterations, and citations have been omitted from quotations. *See* Jack Metzler, *Cleaning Up Quotations*, 18 Journal of Appellate Practice and Process 143 (2017).

were not included in the RFC assessment. Pls' Br. at 9–16. The Commissioner re-sponds that the ALJ reasonably concluded that Arnold had a moderate limitation in her ability to interact with others; accommodated that limitation in its RFC assess-ment; and based its findings on persuasive opinions of two medical experts. R. 35, Def.'s Br. at 2–7. On review of the record, because the ALJ's RFC assessment is ade-quately supported by the evidence, no remand is required.

## A. Social-Interaction Limitations

In the assessment of residual functioning capacity, the ALJ adequately ac-counted for Arnold's meaningful—but not disabling—social-interaction limitations. The ALJ's analysis of a claimant's RFC need only "say enough to enable a review of whether the ALJ considered the totality of a claimant's limitations." *Lothridge v. Saul*, 984 F.3d 1227, 1233 (7th Cir. 2021). In his findings here, the ALJ concluded:

> After careful consideration of the entire record, the undersigned finds that since the amended alleged onset date, [Arnold] has the residual functional ca-pacity to perform sedentary work … can have brief and superficial contact with the public; and is limited to performing uncomplicated, low stress, low produc-tion work.

Admin. Record at 32. The ALJ explained that this finding is based on "all symp-toms … the medical opinion(s) and prior administrative medical finding(s) in accord-ance with the requirements of 20 C.F.R. 404.1520c and 416.920c." *Id.*

The ALJ's finding is supported by substantial record evidence. The RFC as-sessment relies directly on the reports of the state-agency psychological consultants, Linda Lanier, Ph.D., and Joseph Mehr, Ph.D. Those reports conclude that Arnold can "can relate appropriately in socially undemanding settings with low stress demands

6

that require only brief superficial interactions and reduced interpersonal contact away from the general public." Admin. Record at 37, 169, 189. Based on these opinions, the ALJ reasonably concluded that Arnold's mental impairments caused "moderate limitations in interacting with others, … relating appropriately in socially undemanding settings with low stress demands that require only brief superficial interactions and reduced interpersonal contact away from the general public." *Id.* at 37. Indeed, the ALJ provided a thorough discussion of how the record evidence supported his conclusion, which is enough to avoid remand. *Contra Arthur B. v. Kijakazi*, 2022 WL 4109695, at *4 (N.D. Ill. Sept. 8, 2022) (finding that the ALJ erred by not "providing a narrative discussion of how the record evidence supported" the limitations described in the RFC analysis).

What's more, the ALJ even accounted for Arnold's own "statements about the intensity, persistence, and limiting effects of her symptoms." Admin. Record at 33. At the psychological consultative examination, Arnold explained that she experiences regular panic attacks, but the frequency is not documented in her medical records. *Id.* at 35–36. And she explained that though she does not spend time with others, she does not have difficulties getting along with others. *Id.* at 36. The ALJ weighed her competing statements along with other evidence in the record, like her inability to handle stress or changes in routine, and credited the descriptions of Arnold that described her as "an alert and oriented, appropriate, cooperative, polite, and pleasant individual with normal appearance, behavior, and ability to relate, and normal affect." *Id.* at 35. There was nothing wrong with this decision. The ALJ must consider

7

the claimant reports on the limiting pain of their medically determinable impairments, and the ALJ did that. *Scott v. Astrue*, 647 F.3d 734, 740–41 (7th Cir. 2011); *Castile v. Astrue*, 617 F.3d 923, 929 (7th Cir. 2010) (affirming the ALJ's decision where findings were "because of and not in spite of [the claimant's] testimony"). From there, the ALJ is permitted to decide which of two conflicting opinions give more weight, as long as that decision is supported by substantial evidence. *Dixon v. Massanari*, 270 F.3d 1171, 1178 (7th Cir. 2001).

Arnold's arguments to the contrary fall short. She insists that the "ALJ failed to include the [state agency] consultants' full social interaction limitations in the RFC or explain his reasoning for omitting it." Pl.'s Br. at 12. In other words, Arnold believes the RFC assessment should have directly discussed Arnold's limitations on interacting with her coworkers and supervisors. She similarly criticizes the RFC assessment for "alter[ing]" the doctors' finding from recognizing that Arnold can "relate appropriately in socially undemanding settings with low stress demands that require only brief superficial interactions and with reduced interpersonal contact *away from* the general public" to a limitation that directs Arnold to have "brief and superficial contact *with the public*." *Id.* at 12; Admin. Record at 37, 169 (emphasis added).

The burden Arnold places on the ALJ is too heavy given the deference owed to the ALJ. *See Warnell v. O'Malley*, 97 F.4th 1050, 1053 (7th Cir. 2024) (affirming that the ALJ "need not address every piece or category of evidence identified by a claimant, fully summarize the record, or cite support for every proposition or chain of reasoning."). Arnold misses the ALJ's discussion of the limitations on her interactions with

her coworkers and supervisors. Admin. Record at 32–36.True enough, the ultimate-conclusion section of the ALJ's findings do not discuss Arnold's ability to interact with her colleagues. *See* Admin. Record at 32. But in the *narrative* portion of the assessment, the ALJ described Arnold as a "pleasant individual with normal appearance, behavior, and ability to relate." *Id.* at 35. The ALJ then concluded that Arnold's "mental impairments have not caused any more than moderate limitations on her ability to perform work-related activities with regards to interacting with others and concentrating, persisting, or maintaining pace." *Id.* Determining that Arnold's mental impairments only moderately limit her ability to interact with "others," is a broad enough finding to show that the ALJ believes that Arnold can interact with her coworkers and supervisors, too.

Arnold also overstates the ALJ's duty to support his decision with substantial evidence. This Court may only reverse an ALJ's disability determination "if the record compels a contrary result." *Deborah M. v. Saul*, 994 F.3d 785, 788 (7th Cir. 2021) (cleaned up). Here, the ALJ's decision to rephrase his finding from "contact away from the general public," Admin. Record at 169, 189, to "contact with the public," Admin. Record at 37, does not change the meaning of the finding in a way that causes the finding to contradict the evidence in the record. *See Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021) (directing courts to uphold the ALJ's decision as long as it is supported by substantial evidence). Even though rephrased, the finding still means that Arnold's limitations do not prevent her from brief interaction with the general public. The ALJ's decision is adequately supported.

9

## B. Logical Bridge between Evidence and Conclusions

Finally, Arnold argues that the ALJ failed to build a logical bridge between his finding that Arnold has moderate limitations in interacting with others and his finding that Arnold had no restrictions on her ability to interact with coworkers and supervisors. Pl.'s Br. at 13. Arnold makes a sweeping statement that the ALJ's RFC assessment did not reference any underlying medical opinion "to support his finding that Plaintiff needs no restrictions on interactions with co-workers and supervisors." *Id.* at 15. Yes, an ALJ must explain how the evidence supports their specific functional restrictions. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 352 (7th Cir. 2005). But, as explained above, the ALJ adequately relied on the underlying medical experts' reports and came to the conclusion that Arnold's conditions only moderately limit her ability to interact with others, which includes her supervisors and coworkers. Admin. Record at 35. And these opinions were consistent with other evidence in the record, including Arnold's own statement that she has no problem getting along with others. *Id.* at 36. The Court can adequately assess the connection between the record evidence and the ALJ's findings, so the logical bridge is satisfactory.

## IV. Conclusion

Arnold's summary judgment motion, R. 30, is denied, and the Commissioner's motion, R. 34, is granted. The decision of the ALJ is affirmed.

ENTERED:

s/Edmond E. Chang

Honorable Edmond E. Chang
United States District Judge

DATE: September 8, 2025

11